[Civ. No. 1955. First Appellate District.—February 24, 1917.]

## PLEASANT VALLEY HOTEL CO. (a Corporation), Respondent, v. E. A. HENDERSON, Appellant.

STATUTE OF LIMITATIONS—MONEY BORROWED BY DIRECTORS FROM CORPORATION — REPAYMENT UPON ACCOMPLISHMENT OF PURPOSES OF LOAN.—Where money belonging to a corporation is borrowed by two of its directors for certain purposes upon an agreement to repay the same when the purposes should be accomplished, and the corporation ratifies the transaction, the statute of limitations does not commence to run against the corporation's right to recover the money from the time the money was obtained, but from the time that the purposes were accomplished.

APPEAL from a judgment of the Superior Court of Fresno County. George E. Church, Judge.

The facts are stated in the opinion of the court.

Everts & Ewing, for Appellant.

C. K. Bonestell, for Respondent.

KERRIGAN, J.—This is an appeal by defendant from an adverse judgment. The question for determination in this case is as to whether or not, of the several causes of action alleged in the complaint, the demand therein set forth for one thousand dollars was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure.

The record shows that the action was commenced on November 19, 1914; that on January 6, 1912, defendant and one George F. Patterson, who were directors of the Pleasant Valley Investment Company, plaintiff's assignor, borrowed

from that company two thousand dollars for certain purposes, and agreed to repay the same when those purposes should be accomplished; that those purposes were accomplished so far as they could be in April, 1913, at which time, in compliance with their agreement, each was charged on the books of the company with one thousand dollars, and that at that time each agreed to pay to the Investment Company such sum; that George F. Patterson paid the money so borrowed by him, but that the defendant has failed and neglected to repay the amount so charged against him.

Assuming that the circumstances under which the two thousand dollars were obtained from the Pleasant Valley Investment Company stamped the transaction as a conversion of the funds of that company, still the company could waive the conversion, and repudiating the action of defendant and Patterson, could perhaps have brought an action immediately for money had and received. However that may be, it appears from the record that the Pleasant Valley Investment Company elected to ratify in detail the transaction as negotiated by those directors; it chose to adopt their acts as its own, to regard them as valid and to enforce the performance of the obligations arising therefrom. Therefore, the statute of limitations did not commence to run against the plaintiff's cause of action on January 6, 1912, the time the money was obtained by defendant and Patterson, but from the time the obligation to repay was fixed, to wit, in April, 1913. The action, therefore, having been filed in November, 1914, was brought before it was barred by the statute.

Judgment affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 23, 1917.